IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

FARLEY L. BERNARD,

             Plaintiff,

    v.

JEAN E. STANFIELD, et al.,

           Defendants.

Civil No. 07-3394 (JBS/AMD)

**MEMORANDUM OPINION**

---

**SIMANDLE**, District Judge:

This matter is before the Court upon the renewed motion of Defendant Transcor America LLC, named in the complaint as Trans-Care Transportation Company, seeking an Order dismissing the complaint without prejudice pursuant to Fed. R. Civ. P. 37(b) because of Plaintiff's failure to provide discovery in accordance with two court orders [Docket Item 37].  THE COURT FINDS AS FOLLOWS:

1. Plaintiff, Farley L. Bernard, currently a prisoner in the North Carolina penal system, was transported to New Jersey to face criminal charges in June, 2007.  These arrangements were made by the Sheriff's Office in Burlington County, New Jersey, which contracted with Defendant Transcor America LLC to transport Mr. Bernard over a period of four days.  Plaintiff filed the present complaint on July 23, 2007, against the Sheriff and Transcor (misidentified as "Trans-Care Transportation Company"),

alleging that Transcor's use of restraints and lack of seat belts on the journey caused physical injury from the repeated sudden braking of the vehicle, for which he received inadequate attention en route.

2. Defendant Transcor was served with the summons and complaint on July 10, 2008 [Docket Item 9] and it has been seeking information from Mr. Bernard since October 13, 2008, when it served Defendant's first set of interrogatories and document demands.  After Plaintiff ignored Defendant's follow-up letter of February 9, 2009, Defendant moved for an Order compelling Plaintiff's answers, which was unopposed, and which Judge Donio granted on June 22, 2009, ordering answers or objections within thirty (30) days.  [Docket Item 26.]  Plaintiff ignored that Order as well, and Defendant's subsequent motion to dismiss was denied without prejudice on October 19, 2009, when he was given one last chance.  [Docket Item 33.]  Plaintiff's continuing non-compliance with the orders of June 22, 2009 and October 19, 2009, gives rise to this motion to dismiss under Rule 37(b)(2), Fed. R. Civ. P.

3. A court must consider the following factors set forth by the Third Circuit in Poulis v. State Farm Fire & Cas. Co. (hereinafter, the "Poulis factors") in determining whether to dismiss a case pursuant to Rule 37: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to

2

discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.  <u>Poulis v. State Farm Fire & Cas. Co.</u>, 747 F.2d 863, 868 (3d Cir. 1984).

4. On October 19, 2009, Magistrate Judge Donio issued a 16-page opinion and order rejecting Defendant's first request to impose the sanction of dismissal filed after Plaintiff's failure to comply with an earlier order, denying it without prejudice. [Docket Item 33.]  Judge Donio's comprehensive opinion is incorporated by reference herein, except as necessary to account for the subsequent development of Plaintiff's continuing non-compliance with his discovery obligations.

5. At that time, Judge Donio concluded:

> The Court will provide Plaintiff <u>one final opportunity</u> to respond to Defendant's discovery requests.  The Court will permit Plaintiff forty-five (45) days from the date of entry of this Order to provide responses to the discovery requests served by Defendant on October 13, 2008.  Plaintiff is advised that failure to comply with this Order may result in the imposition of sanctions, including without limitation the dismissal of Plaintiff's complaint.

[Docket Item 33, emphasis added.]  The 45-day period expired on December 4, 2009.

6. Since that time, according to the moving Defendant's sworn declaration, Plaintiff has made no contact with Defendant (or, to their knowledge, the other Defendants in this action).

Moreover, Plaintiff has not submitted opposition to this motion.
The Court will therefore consider Plaintiff's non-compliance with
Judge Donio's directive of October 19, 2009, extending a last
chance to Plaintiff to provide the fundamental discovery sought
in Defendant's interrogatories and document production requests,
in determining whether the case should be dismissed as against
Defendant Transcor America LLC pursuant to Rule 37(b)(2), Fed. R.
Civ. P.[1]

     7. As to the first Poulis factor, the party's personal
responsibility, Judge Donio found that because Plaintiff is pro
se, he is responsible for his various failures to comply with
court orders or otherwise participate in this litigation.  This
Court agrees and further finds that Plaintiff is also responsible
for his failure to comply with the October 19 Order for the same
reasons.  See Warner v. Kozub, Civil Action No. 05-2871, 2007 WL
162766, at *2 (D.N.J. January 18, 2007) (pro se plaintiff
personally responsible).

     8. As to the second factor, the prejudice to the adversary,
Judge Donio found that the Defendant will be prejudiced if it is
unable to obtain the information necessary to defend against
Plaintiff's allegations.  This Court agrees and further finds

---

[1]  Plaintiff's failure to supply preliminary disclosures at
any time under Rule 26(a), Fed. R. Civ. P., as well as his
failure to provide basic factual discovery, are also addressed in
the Court's adjudication of the summary judgment motion of co-
defendant Sheriff Jean Stanfield, which Opinion is also filed
today.

that because Defendant is unable to answer fundamental questions about this case, such as what constitutional rights Plaintiff believes were violated and whether Plaintiff is claiming any economic damages, Defendant's ability to defend against Plaintiff's allegations has been prejudiced.  See Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003).

9. As to the third factor, a history of dilatoriness, Judge Donio found that Plaintiff exhibited a pattern of non-response, and that Plaintiff's consistent failure to provide discovery or otherwise participate in the litigation weighs in favor of dismissal of the complaint.  This Court agrees and finds that this pattern has only continued.

10. As to the fourth factor, whether the conduct of the party was willful or in bad faith, Judge Donio found that it could not yet be determined whether Plaintiff's failure to respond to discovery requests was in bad faith.  The Court recognizes that Plaintiff is a pro se prisoner, but the record indicates that Plaintiff was able to file a motion in his own favor, and he therefore should have been capable of responding to discovery and otherwise prosecuting his case.  Plaintiff has failed to communicate with the Court since August 5, 2009, including to alert the Court to Plaintiff's change of address.  Because Plaintiff has not offered to opposition to either this motion or its earlier iteration, it is impossible to do anything but speculate about why Plaintiff is not responding to the

Court's orders.  But the record suggests that he has not made any effort to do so, and his failure is therefore willful.

11. As to the fifth factor, in the previous motion, Defendant had not articulated a reason for why dismissal was the most appropriate sanction.  Defendant does so in the present motion, arguing that monetary sanctions would be inappropriate or insufficient given Plaintiff's status as an indigent prisoner, and that the disregard for two court orders demonstrates that no sanction less than dismissal would be appropriate.  This Court agrees.  Plaintiff has already failed to respond to two orders of this Court, there is no reason to believe he will respond to a third.

12. The final factor asks the Court to consider the meritoriousness of Plaintiff's claims.  The Court cannot fully assess the merits of Plaintiffs constitutional claims without clarification from Plaintiff as to his allegations about the driving involved,[2] the seriousness of his injuries, if any,[3] and

---

[2]  The Tenth Circuit Court of Appeals has held that handcuffing and shackling inmates while transporting them without seatbelts is not an Eighth Amendment violation.  See generally Dexter v. Ford Motor Co., 92 Fed. App'x 637 (10th Cir. 2004). However, that court limited its holding to cases not involving dangerous driving.  Id. at 640.  At least one federal court has found that the combination of the use of restraints, the non-use of seatbelts, high speed driving, and erratic stopping amounted to an Eighth Amendment claim.  Barela v. Romero, No. CIVIL 06-41, 2007 WL 2219441, at *7 (D.N.M. May 10, 2007).  This case falls somewhere between Dexter and Barela.  It is distinguished from Dexter by the allegation that the vehicle "braked hard on many different occasions causing [Plaintiff] to be thrashed and thrown about," (compl., at 8.), but Plaintiff does not allege high speed

the nature of the relationship between the Kentucky facility and Defendant.  In other words, the Court, like the Defendant, cannot assess the claims without the very information Defendant seeks and has been unable to attain, but it is doubtful, from what is known, that his claim against Transcor could survive factual scrutiny.  This lack of apparent merit thus cuts somewhat against Plaintiff here.

13.  Each of the <u>Poulis</u> factors suggests dismissal, with the possible exception of the sixth factor which is difficult to determine at this time.  Lesser remedies, such as two repeated court orders to compel compliance, have been unsuccessful.  The Court finds that dismissal is therefore warranted, and the accompanying Order will be entered.


**December 22, 2009**                          **   s/ Jerome B. Simandle   **
Date                                          JEROME B. SIMANDLE
                                              United States District Judge

---

driving as in <u>Barela</u>.  In the absence of further elaboration on the nature of the driving involved in this case, which would allow the Court to determine whether it amounted to recklessness, it is very difficult to determine whether this case is closer to <u>Dexter</u> or <u>Barela</u>.

[3]  To the extent Plaintiff asserts a claim of negligence, he must overcome the limitations of N.J. Stat. Ann. § 59:9-2(d). "To recover under the Act for pain and suffering, a plaintiff must prove by objective medical evidence that the injury is permanent." <u>Brooks v. Odom</u>, 696 A.2d 619, 622-23 (N.J. 1997). In this case, Plaintiff neither alleges that his injuries were substantial nor adduces or suggest that he could adduce any objective evidence of permanency.