IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FARLEY L. BERNARD,<br><br>   Plaintiff,<br><br>   v.<br><br>JEAN E. STANFIELD, et al.,<br><br>   Defendants. | Civil No. 07-3394 (JBS/AMD)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE**, District Judge:

   This matter is before the Court upon the summary judgment motion of Defendants Jean E. Stanfield and Burlington County Sheriff Department [Docket Item 24].  THE COURT FINDS AS FOLLOWS:

   1.   Plaintiff, Farley L. Bernard, appearing pro se, is a prisoner of North Carolina.  Plaintiff's complaint alleges that Defendants hired co-Defendant Transcor to transport Plaintiff to New Jersey to face charges.  (Compl., at 6.)  Plaintiff alleges that he was placed in hand and leg restraints without a seatbelt, and that the transportation vehicle "braked hard on many different occasions causing [Plaintiff] to be thrashed and thrown about" because he could not brace himself.  (Id.)  Plaintiff further alleges that he was subsequently denied medical treatment for his injuries at an overnight stop in Christian County Jail (Kentucky).  (Id.)

   2.   Plaintiff has not opposed this motion for summary judgment.  Moreover, Plaintiff has failed to comply with

discovery orders of June 22, 2009 and October 19, 2009, and failed to update his mailing address.

3. While Plaintiff's failure to oppose summary judgment "is not alone a sufficient basis for the entry of a summary judgment," see Anchorage Assocs. v. Virgin Islands Bd. of Tax Review, 922 F.2d 168, 175 (3d Cir. 1990), the failure to oppose in combination with no evidence having been adduced means that the Court has no evidence upon which to determine whether Plaintiff has shown that he could succeed at trial.  In the absence of any evidence upon which a fact-finder could grant Plaintiff relief, Defendant is entitled to summary judgment.[1]

4. The only way Plaintiff could even be deemed to have opposed summary judgment is if his complaint constituted a kind of verified pleading.  See U.S. v. Premises Known as 717 South Woodward Street, Allentown, Pa., 2 F.3d 529, 531 (3d Cir. 1993) (relying in part on sworn pleadings admitted by district court as evidence); Ratner v. Young, 465 F. Supp. 386, 389 (D.V.I. 1979).

5. Plaintiff's complaint is the standard form complaint given to pro se prisoners filing civil rights complaints in the

---

[1] Under Rule 56(e)(2), Fed. R. Civ. P., Plaintiff, as the opposing party, "may not rely merely on allegations or denials in its own pleadings; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial.  If the opposing party does not so respond, summary judgement should, if appropriate, be entered against that party." See Maguire v. Hughes Aircraft Corp., 912 F.2d 67, 72 (3d Cir. 1990) (nonmoving party may not rest upon mere allegations).

New Jersey District Court.  The complaint makes allegations on the basis of Plaintiff's personal knowledge, and the standard form includes language requiring that the plaintiff "declare under penalty of perjury that the foregoing is true and correct." (Compl., at 7).  On the other hand, the Complaint also contains conclusory language typical of mere pleadings.  The Court would have at least considered viewing the complaint as an affidavit if it had been submitted in opposition to summary judgment, but it was not.  Further, the facts set forth in Defendant Stanfield's Statement of Uncontested Material Facts, submitted under L. Civ. R. 56.1(a), are deemed admitted for purposes of this motion because Plaintiff has not disputed them, id., including Defendant's assertion that she has no knowledge of Plaintiff's claims other than what he asserted in his Complaint in 2007.  Without evidence, the Sheriff's Office in New Jersey has no knowledge of what happened, or did not happen, during the trip from North Carolina to New Jersey in 2007.

    6.  The question is whether the Court is compelled to sua sponte consider whether the Complaint, though not identified as such, constituted a verified pleading, and then consider and construe the facts in the complaint in the absence of Plaintiff and without notice to the Defendants to determine whether Defendants are entitled to judgment as a matter of law.  The Court finds that Rule 56 does not require the Court to make these

efforts on behalf of a Plaintiff who is not fully participating in this action. To permit the allegations made on a standard form pro se prisoner complaint to proceed to trial if they state a claim despite the complete failure of such a plaintiff to participate in the case, much less produce any evidence beyond the complaint whether sworn or unsworn, would not be consistent with the purpose of Fed. R. Civ. P. 56.[2] Under these circumstances, the Court finds it is "appropriate," under Rule 56(e)(2), Fed. R. Civ. P., supra, to enter summary judgment against Plaintiff. Summary judgment will be granted and the accompanying Order will be entered.

**December 22, 2009**           **s/ Jerome B. Simandle**
Date                             JEROME B. SIMANDLE
                                 United States District Judge

---

[2] The Court's decision is reinforced by the fact that, on a separate motion by co-Defendant Transcor pursuant to Rule 37, the Court has found that dismissal is warranted according to the factors identified in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

4